UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILBUR LEE EVANS                                                                            PLAINTIFF

VS.                                                                            CIVIL ACTION NO. 4:10cv22-FKB

MAJOR ROBERT GRUBBS, ET AL.                                                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

  This matter is before the court on the motion for summary judgment filed by defendants Major Robert Grubb, Lieutenant Patrick Thomas, Sgt. Christie Beckham, Officer Billy Ruffin, and Officer Walter Woods (Docket No. 39).  Plaintiff did not oppose the motion and time for doing so has expired.  The court, having considered the parties' memoranda and submissions, now concludes, for the reasons which follow, that the motion for summary judgment is granted and that plaintiff's complaint is dismissed for failure to exhaust.[1]  Plaintiff's motion for a hearing regarding requests for production (Docket No. 36) and his motion to compel (Docket No. 38) are denied as moot.

  Plaintiff, who is a prisoner in the custody of the Mississippi Department of Corrections, and who was previously housed at the East Mississippi Correctional Facility (EMCF), filed this Section 1983 action on February 12, 2010, pursuant to the mailbox rule.[2]  In his complaint, and at his omnibus hearing held on December 1, 2010, plaintiff alleged that on January 18, 2010,

---

[1] At the December 1, 2010 omnibus hearing, the parties consented to jurisdiction by the undersigned.  The district judge entered an order reassigning the case to the undersigned on December 6, 2010.

[2] A pro se prisoner's complaint is considered filed when delivered to prison authorities for mailing.  Houston v. Lack, 487 U.S. 266, 270-71 (1988); Causey v. Cain, 450 F.3d 601, 604 (5th Cir. 2006).

Major Grubbs ordered Officer Ruffin to search his cell.  During his search, Ruffin found a homemade electronic device on the floor at the foot of plaintiff's bed, and although the device was not his, Evans received an RVR[3] on account of it.  As relief, Evans seeks $3500 from each defendant and the termination of their employment.[4]

By their motion, defendants argue that plaintiff's failure to exhaust his administrative remedies prior to filing this action requires that the case be dismissed.  In support of their motion, defendants present the affidavit of Janie Birdtail, the Administrative Remedy Program ("ARP") Coordinator and the custodian of the ARP files at EMCF.  Docket No. 39-1 at 1.  According to Birdtail, Evans filed an ARP Request on February 10, 2011, regarding the issuance of an RVR by defendant Ruffin.  Birdtail further states that on March 19, 2010, the facility administrator determined that Evans was entitled to relief and overturned the RVR at Step 2.  Docket No. 39-1 at 2.  The Court observes that while the facility administrator granted the relief Evans requested as to the RVR at Step 2, the facility administrator left intact the initial denial of Evans's request for "some type of punishment" for the officers who issued the RVR.  Docket No. 39-1 at 17.  Evans did not pursue the matter to Step 3.  Docket No. 39-1 at 2.

Under the relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[3]An RVR is a Rule Violation Report.

[4]By the complaint, Evans also sought to have the RVR expunged.  According to his testimony at the omnibus hearing, on March 19, 2010, the RVR was overturned.

2

42 U.S.C. § 1997e(a).  In Booth v. Churner, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e now requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures.  Booth, 532 U.S. at 734.  The United States Supreme Court has further held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  See Porter v. Nussle, 534 U.S. 516 (2002); see also Jones v. Bock, 549 U. S. 199 (2007) (reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

At the time that Evans filed suit, the Administrative Remedy Program ("ARP") within the MDOC was a three-step process.[5]  (Exhibit 1 to Docket No. 39).  Under the three-step process, an inmate initially submitted his grievance to the division head or adjudicator in writing, within thirty days after an incident occurred.  Thereafter, an inmate received a Step 1 response from the appropriate official, which could be appealed to the Superintendent or Warden of the institution, who was responsible for issuing a Step 2 response.  If still aggrieved, the inmate could appeal to the Commissioner of MDOC and a Step 3 response would be issued.  Upon issuance of a Step 3 response, the program administrator would issue to the inmate a certificate stating that he had completed the exhaustion of his administrative remedies.  Unless an extension was granted, the MDOC had ninety days within which to complete the review process.  Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter VII, pg. 39-42.

---

[5] MDOC has since implemented a two-step grievance procedure.  See Exhibit 1 to Docket No. 39.

Here, the court finds that Evans did not exhaust his administrative remedies prior to filing suit. Evans prematurely filed this action on February 12, 2010, just two days after he filed his initial request for an administrative remedy related to the RVR and thirty-five days <u>before</u> the facility administrator rendered his March 19, 2010, Step 2 decision granting relief as to the RVR in Evans's ARP request. Therefore, Evans failed to exhaust by filing this lawsuit prior to the completion of the administrative remedy process.

Further, although the facility administrator's Step 2 decision left intact the Step 1 denial of Evans's requested relief that the officers who gave him the RVR receive "some type of punishment," Evans did not appeal this denial to Step 3. Because the plaintiff failed to appeal the Step 2 denial of his request for "some type of punishment" for the officers involved in issuing the RVR, the Plaintiff further failed to exhaust his administrative remedies in this ARP. Accordingly, defendants' motion is well taken and plaintiff's complaint is dismissed.

Based on the foregoing, it is ordered that Defendants' Motion for Summary Judgment (Docket No. 40) is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 27th day of June, 2011.


        ___/s/ F. Keith Ball_____
        UNITED STATES MAGISTRATE JUDGE